■ SANJAY C. SHETH et al., Appellants, v NEW YORK LIFE INSURANCE COMPANY, Respondent. [764 NYS2d 414] —Order, Supreme Court, New York County (Herman Cahn, J.), entered April 15, 2002, which, to the extent appealed from, granted defendant's cross motion for summary judgment dismissing the complaint, and denied as moot plaintiffs' motion for class certification, unanimously affirmed, without costs.

Plaintiffs' remaining cause of action, for fraud, premised on defendant's alleged concealment at the time of plaintiffs' hiring as insurance agents for defendant, of the circumstance that plaintiffs could be terminated for failure to meet certain sales quotas, was properly dismissed as time-barred. It is undisputed that the alleged concealment occurred more than six years prior to the commencement of this action and the record discloses no ground upon which plaintiffs might be afforded the benefit of the two-year discovery rule set forth in CPLR 203 (g). Indeed, the contracts signed by plaintiffs at the time of their hiring, had they been read by plaintiffs as they could have been, would have clearly apprised them that their agencies were terminable by defendant "with or without cause" on 30 days' notice (*see Arrathoon v East N.Y. Sav. Bank*, 169 AD2d 804, 804-805 [1991], *lv denied* 77 NY2d 808 [1991]). In addition, letters addressed to plaintiffs by one of defendant's managing partners more than two years prior to the action's commencement, threatening plaintiffs with termination if they failed to meet insurance sales quotas, should have been more than adequate to place plaintiffs on inquiry notice respecting the alleged fraud.

The action was also properly dismissed in light of the absence of any evidence of damages directly attributable to the purported fraud. The lost income and commissions allegedly

due plaintiffs from their sales of insurance policies are damages recoverable, if at all, for breach of plaintiffs' agency contracts, not for the fraud by which such contracts are said to have been induced (*see Reno v Bull*, 226 NY 546, 553 [1919]; *Cayuga Harvester v Allis-Chalmers Corp.*, 95 AD2d 5, 22 [1983]); plaintiffs presented no proof that they sustained "out-of-pocket" losses by reason of the alleged fraud (*see Lama Holding v Smith Barney*, 88 NY2d 413, 421 [1996]; *Geary v Hunton & Williams*, 257 AD2d 482 [1999]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Buckley, P.J., Nardelli, Tom, Mazzarelli and Gonzalez, JJ.