■ ANTHONY SPINALE, Appellant, v TAG's PRIDE PRODUCE CORP. et al., Defendants, and GARY SPEIER, Respondent. [844 NYS2d 255]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered June 7, 2006, which granted defendant-respondent's motion for summary judgment dismissing the complaint as against him and for summary judgment on the issue of liability on his counterclaim for attorneys' fees, unanimously affirmed, with costs.

The action was properly dismissed on the basis of a 2004 release. Moreover, dismissal was appropriate as the action was commenced in November 2005, more than six years after the alleged fraudulent inducement to sell stock in July 1999, and it conclusively appears that plaintiff could no longer reasonably believe that defendant was trustworthy or had his best interests in mind by January 2003, at the latest, when the parties signed their first settlement agreement involving the matters that eventually became the subject of the 2004 release (CPLR 213 [8]). By that time, defendant had fully retired, any relationship of trust between plaintiff and defendant was over, and any documents that might have been necessary for plaintiff to discover the fraud alleged herein were in his possession. It also appears that such documents were kept by another employee in plaintiff's office and thus easily accessible to plaintiff even before defendant's retirement, and that plaintiff and his accountant received Form K-1s that should have put plaintiff on inquiry notice of the financial facts he claims were fraudulently concealed (*see Saphir Intl., SA v UBS PaineWebber Inc.*, 25 AD3d 315, 316 [2006]). We have considered plaintiff's remaining arguments and find them unavailing. Concur—Lippman, P.J., Andrias, Williams, Buckley and Kavanagh, JJ.