■ JOSEPH REGINA, Appellant, v ANTHONY MAROTTA, JR., Respondent, et al., Defendants. [887 NYS2d 861]—

In an action, inter alia, to recover damages for fraud, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated June 2, 2008, as granted that branch of the motion of the defendant Anthony Marotta, Jr., which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

On a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). To recover damages for fraud, a plaintiff must prove (1) a misrepresentation or an omission of material fact which was false and known to be false by the defendant, (2) the misrepresentation was made for the purpose of inducing the plaintiff to rely upon it, (3) justifiable reliance of the plaintiff on the misrepresentation or material omission, and (4) injury (see Ozelkan v Tyree Bros. Envtl. Servs., Inc., 29 AD3d 877, 878 [2006]). The plaintiff must show not only that he actually relied on the misrepresentation, but also that such reliance was reasonable (see Spector v Wendy, 63 AD3d 820 [2009]). Here, the plaintiff failed to adequately allege justifiable reliance and damages resulting therefrom (see Ideal Steel Supply Corp. v Anza, 63 AD3d 884 [2009]; Giurdanella v Giurdanella, 226 AD2d 342, 343 [1996]; Beltrone v General Schuyler & Co., 223 AD2d 938, 941 [1996]). Accordingly, the Supreme Court properly granted that branch of the motion of the defendant Anthony Marotta, Jr., which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action to recover damages for fraud insofar as asserted against him.

The plaintiff's remaining contentions are without merit. Mastro, J.P., Balkin, Eng and Leventhal, JJ., concur.