■ THADDEUS DANIELS, Appellant, v COMMERZBANK et al., Respondents, et al., Defendant. [911 NYS2d 632]—

Order, Supreme Court, New York County (Louis B. York, J.), entered May 7, 2010, which, in an action alleging employment

discrimination, granted defendants' motion to dismiss the action on the ground that there was a prior agreement to arbitrate all claims, unanimously affirmed, with costs.

The motion court properly found that the subject arbitration agreement was clear on its face and was a typical agreement routinely entered into by parties who wish to arbitrate. Although plaintiff does not recall signing the agreement, he does not dispute his signature and he offers nothing to overcome the presumption that he knew its contents and assented to them (*see Metzger v Aetna Ins. Co.*, 227 NY 411, 416 [1920]; *see also Ciago v Ameriquest Mtge. Co.*, 295 F Supp 2d 324, 329 [SD NY 2003]). Furthermore, the record is devoid of an indication that the agreement was "so grossly unreasonable or unconscionable in the light of the mores and business practices of the time and place as to be unenforceable according to its literal terms" (*Gillman v Chase Manhattan Bank*, 73 NY2d 1, 10 [1988] [internal quotation marks and citation omitted]; *compare Brennan v Bally Total Fitness*, 198 F Supp 2d 377 [SD NY 2002]). Concur—Mazzarelli, J.P., Friedman, McGuire, Renwick and Richter, JJ.