■ NORI MIZUNO, Respondent-Appellant, v FISCHOFF & ASSOCIATES et al., Appellants-Respondents. [918 NYS2d 363]—

As a result of the defendants' legal malpractice, which is not contested on this appeal, the plaintiff's house was sold at a foreclosure sale on April 4, 2002. The plaintiff and his wife held title to the subject property as tenants by the entirety and were, thus, each seized of the whole property (*see Kahn v Kahn*, 43 NY2d 203, 206-207 [1977]; *Stelz v Shreck*, 128 NY 263, 266 [1891]; *Paterno v CYC, LLC*, 46 AD3d 788, 789 [2007]). Since the plaintiff owned the entire property, the Supreme Court properly held that he was entitled to recover 100% of the lost equity in the property.

We agree with the plaintiff's contention that May 1, 2003, is not a "reasonable intermediate date" from which to calculate prejudgment interest (CPLR 5001 [b]). Instead, we find that April 4, 2002, is a "single reasonable intermediate date" (CPLR 5001 [b]) from which to calculate prejudgment interest on the damages awarded in this case. Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a new calculation and award of prejudgment interest, and for the entry of an appropriate amended judgment. Angiolillo, J.P., Hall, Roman and Cohen, JJ., concur.