■ EUGENE SHALIK et al., Appellants, v HEWLETT ASSOCIATES, L.P., et al., Respondents. [940 NYS2d 304]—

In an action for a judgment declaring that a certain amendment to a partnership agreement was void ab initio, the plaintiffs appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Nassau County (Driscoll, J.), entered September 23, 2010, which, inter alia, granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

Pearl B. Kalikow (hereinafter the decedent) died on January 4, 2006. The preliminary coexecutors of her estate (hereinafter together the plaintiffs) commenced this action on May 28, 2010, against a family-owned limited partnership known as Hewlett Associates, L.P. (hereinafter the partnership), and the decedent's two children, Edward M. Kalikow, who is both a general partner and a limited partner of the partnership, and Laurie Platt, who is a limited partner.

The plaintiffs sought a judgment declaring, inter alia, that the decedent's signature on a February 2, 1999, amendment to the underlying agreement of partnership extending the duration of the partnership from 2015 to 2049 (hereinafter the Amendment) was a forgery, and rendered the amendment void ab initio.

The limitations period for a fraud cause of action applies to a cause of action alleging forgery (*see Coombs v Jervier*, 74 AD3d 724 [2010]; *Matter of Lupoli*, 237 AD2d 440 [1997]; *Piedra v*

*Vanover*, 174 AD2d 191, 194 [1992]). Pursuant to CPLR 213 (8), an action alleging fraud must be commenced by "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it" (CPLR 213 [8]). "The two-year period begins to run when the circumstances reasonably would suggest to the plaintiff that he or she may have been defrauded, so as to trigger a duty to inquire on his or her part" (*Pericon v Ruck*, 56 AD3d 635, 636 [2008]; *see Citicorp Trust Bank, FSB v Makkas*, 67 AD3d 950, 953 [2009]).

The plaintiffs contend that they timely commenced this action within two years of June 4, 2008, the date on which the plaintiff Eugene Shalik received his expert's report opining that the decedent's signature was falsified. However, Shalik conceded that he initially received a copy of the Amendment on May 10, 2006, and that he "noticed," while preparing for an arbitration scheduled for April 9, 2008, that the decedent's signature on the Amendment differed from other examples of her signature, which caused him to retain a handwriting and documents expert to evaluate the signature. Shalik also testified on June 26, 2007, in the Surrogate's Court proceeding to admit the decedent's will to probate, that he had "no idea" as to whether the decedent signed the Amendment. In another proceeding, in the Surrogate's Court, the plaintiffs asserted in a memorandum of law dated August 13, 2007, that there was no proof that the decedent "ever signed" the Amendment.

Accordingly, the defendants established, prima facie, that the plaintiffs possessed information regarding the questionable authenticity of the decedent's signature on the Amendment more than two years before they filed the complaint. In opposition, the plaintiffs failed to raise an issue of fact as to the applicability of an exception to the statute of limitations or as to whether the statute of limitations was tolled (*see Williams v New York City Health & Hosps. Corp.*, 84 AD3d 1358 [2011]; *Rakusin v Miano*, 84 AD3d 1051 [2011]). Accordingly, the plaintiffs were required to commence this action, at the latest, on or before April 9, 2010, but did not do so until May 28, 2010 (*see Coombs v Jervier*, 74 AD3d 724 [2010]; *Sabbatini v Galati*, 43 AD3d 1136, 1140 [2007]). Therefore, the Supreme Court correctly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

In light of the foregoing, we need not reach the plaintiffs' contention regarding the arbitrability of the dispute, which has

been rendered academic. Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur.

---

Motion by the respondents to strike the appellants' brief on an appeal from an order of the Supreme Court, Nassau County, entered September 23, 2010, on the ground that the appellants raise issues not properly before this Court. By decision and order on motion of this Court dated August 2, 2011, the motion to strike the appellants' brief was referred to the panel of Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the motion is granted to the extent that Point I on pages 7 through 13 is stricken from the brief and Point I on pages 5 through 10 is stricken from the reply brief and have not been considered in the determination of the appeal, and the motion is otherwise denied. Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur.