In an action to rescind a contract and to recover damages for fraud, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered March 26, 2012, which, in effect, granted that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred, and (2), as limited by her brief, from so much of an order of the same court entered July 18, 2012, as, upon reargument and renewal, adhered to the original determination.
Ordered that the appeal from the order entered March 26, 2012, is dismissed, as that order was superseded by the order entered July 18, 2012, made upon renewal and reargument; and it is further,
Ordered that the order entered July 18, 2012, is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the defendants.
“Pursuant to CPLR 213 (8), an action alleging fraud must be commenced by ‘the greater of six years from the date the cause of action accrued or two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it’ ” (Shalik v Hewlett Assoc., L.P., 93 AD3d 777, 778 [2012], quoting CPLR 213 [8]; see Sargiss v Magarelli, 12 NY3d 527, 532 [2009]; House of Spices [India], Inc. v SMJ Servs., Inc., 103 AD3d 848 [2013]).
Under the circumstances presented here, the greater limitations period was six years from the date the cause of action accrued. The instant action was commenced in 2011, approximately nine years after the events alleged to have occurred in 2002, which underly the causes of action alleging fraud. The plaintiffs contention that she was unable, with reasonable diligence, to discover the alleged fraud until 2010 was not supported by any allegations in the complaint, and the plaintiff did not make such a showing in opposition to the defendants’ motion to dismiss the complaint. Accordingly, the Supreme Court *689 properly, in effect, granted that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred (see Shalik v Hewlett Assoc., L.P., 93 AD3d at 778).
The plaintiffs remaining contentions are either improperly raised for the first time on appeal or without merit. Skelos, J.P., Angiolillo, Chambers and Hinds-Radix, JJ., concur.