■ Nori Mizuno, Appellant, v Shari Barak et al., Respondents. [980 NYS2d 473]—

In 1994, a nonparty bank commenced a mortgage foreclosure action against the plaintiff. The plaintiff thereafter filed several bankruptcy petitions, which were ultimately unsuccessful in avoiding the foreclosure sale of the plaintiff's real property in 2002. The plaintiff then commenced a legal malpractice action against the attorney who represented him in the third bankruptcy proceeding. The plaintiff prevailed in that action, and was awarded the relief he sought in the complaint, that is, recovery of the value of the lost equity in the real property as well as the legal fees he spent on his attempt to recover the value of the foreclosure sale (*see Mizuno v Fischoff & Assoc.*, 82 AD3d 849 [2011]).

In August 2011, the plaintiff commenced the instant action against Shari Barak, the attorney who represented the bank in the foreclosure proceedings and who testified at the nonjury trial of the plaintiff's malpractice action, as well as the law firm in which Barak is a partner. The plaintiff alleged that the defendants violated Judiciary Law § 487 and committed fraud and legal malpractice in connection with their filing of an allegedly false and misleading notice of default and an affidavit of noncompliance in the third bankruptcy proceeding, and based upon Barak's conduct of allegedly giving false testimony in the plaintiff's prior legal malpractice action as to his default on mortgage payments. The defendants moved pursuant to CPLR 3211 to dismiss the complaint, and the Supreme Court granted the motion.

The allegations in the three causes of action that are predicated upon the defendants' conduct in the third bankruptcy proceeding are barred by the statute of limitations. That conduct was committed approximately 8½ years prior to the subject action, so as to bar the plaintiff's claims alleging violation of Judiciary Law § 487 (*see* CPLR 214 [2]; *Lefkowitz v Appelbaum*, 258 AD2d 563 [1999]), fraud (*see* CPLR 213 [8]; *Lefkowitz v Appelbaum*, 258 AD2d 563 [1999]), and legal malpractice (*see* CPLR 214 [6]; *Squitieri v Trapani*, 107 AD3d 688 [2013]). Contrary to the plaintiff's contention, his own allegations in the complaint and an order to show cause he filed in the bank-

ruptcy proceeding demonstrated that he either discovered, or could have with reasonable diligence discovered, the defendants' alleged deceit more than two years prior to the commencement of the present action (*see Squitieri v Trapani,* 107 AD3d at 688; *Lefkowitz v Appelbaum,* 258 AD2d 563 [1999]). Contrary to the plaintiff's further contention, he was not entitled to a toll of the statute of limitations based upon the doctrine of equitable estoppel (*see Chi Kee Pang v Synlyco, Ltd.,* 89 AD3d 976, 978 [2011]).

The plaintiff failed to state a cause of action to recover damages for violation of Judiciary Law § 487, fraud, or legal malpractice grounded upon Barak's alleged false testimony in the plaintiff's prior legal malpractice action. Accepting as true the facts alleged in the complaint and according the plaintiff the benefit of every favorable inference (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]), he failed to "plead allegations from which damages attributable to the [defendants' conduct] might be reasonably inferred" (*Rock City Sound, Inc. v Bashian & Farber, LLP,* 74 AD3d 1168, 1171 [2010]; *see Markel Ins. Co. v American Guar. & Liab. Ins. Co.,* 111 AD3d 678 [2013]; *Regina v Marotta,* 67 AD3d 766 [2009]). In the prior legal malpractice action, the plaintiff obtained the relief he sought despite the alleged false testimony. Further, the litigation costs associated with that action, which were necessitated by malpractice on the part of the plaintiff's former attorney in the third bankruptcy proceeding, cannot reasonably be attributed to any alleged false trial testimony given by Barak.

Accordingly, the defendants' motion to dismiss the complaint was properly granted. Skelos, J.P., Lott, Cohen and Hinds-Radix, JJ., concur.