◾ Nori Mizuno, Appellant, v Noah Nunberg, Esq., et al., Respondents. [996 NYS2d 301]—

In an action to recover damages for violation of Judiciary Law § 487, fraud, and legal malpractice, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated March 19, 2013, which granted the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint and pursuant to Judiciary Law § 90 (10) to remove, from the court file, a letter dated June 21, 2012, from the Grievance Committee for the Tenth Judicial District to the plaintiff.

Ordered that the order is affirmed, with costs.

In 1994, a nonparty bank commenced a mortgage foreclosure action against the plaintiff. The plaintiff thereafter filed several bankruptcy petitions in the United States Bankruptcy Court for the Eastern District of New York, which were ultimately unsuccessful in preventing the foreclosure sale of the plaintiff's real property, which was conducted in 2002. The plaintiff then commenced a legal malpractice action (hereinafter the first legal malpractice action) against the attorney and the law firm who represented him in his third bankruptcy proceeding. The plaintiff prevailed in the first legal malpractice action, and was awarded the relief he sought in the complaint, entitling him to recover the value of the equity he lost in the real property as a consequence of the foreclosure sale, as well as the legal fees he incurred in securing that recovery (*see Mizuno v Fischoff & Assoc.*, 82 AD3d 849 [2011]).

In August 2011, the plaintiff commenced an action against Shari Barak, the attorney who represented the bank in the foreclosure proceedings, who testified at the nonjury trial of the first legal malpractice action, as well as the law firm in which Barak is a partner (hereinafter the second legal malpractice action). The plaintiff alleged that Barak and her law firm violated Judiciary Law § 487 and committed fraud and legal malpractice in filing an allegedly false and misleading notice of default and an affidavit of noncompliance in the third bankruptcy proceeding, and in giving false testimony in the first legal malpractice action as to the plaintiff's default on mortgage payments. The defendants moved pursuant to CPLR 3211 (a) to dismiss the complaint in the second legal malpractice action, and the Supreme Court granted the motion. We affirmed, determining, inter alia, that the plaintiff failed to state a cause of action (*see Mizuno v Barak*, 113 AD3d 825 [2014]).

While the appeal in the second legal malpractice action was

pending, the plaintiff commenced the instant action against Noah Nunberg, the attorney who represented the defendants in the first legal malpractice action, as well as Nunberg's law firm (hereinafter together the defendants). The plaintiff alleged that the defendants likewise violated Judiciary Law § 487 and committed fraud and legal malpractice in allowing Barak to give what they knew was false testimony during the first legal malpractice action, thereby suborning perjury. The defendants moved pursuant to CPLR 3211 (a) to dismiss the complaint, and requested that a letter from the Grievance Committee for the Tenth Judicial District to the plaintiff, dated June 21, 2012 (hereinafter the Grievance Committee letter), responding to a complaint made by the plaintiff, be removed from the court's file. The Supreme Court granted the motion.

The plaintiff failed to state a cause of action against the defendants to recover damages for violation of Judiciary Law § 487, fraud, or legal malpractice. Accepting as true the facts alleged in the complaint, and according the plaintiff the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), he failed to " 'plead allegations from which damages attributable to the [defendants' conduct] might be reasonably inferred' " (*Mizuno v Barak*, 113 AD3d at 827, quoting *Rock City Sound, Inc. v Bashian & Farber, LLP*, 74 AD3d 1168, 1171 [2010]; *see Markel Ins. Co. v American Guar. & Liab. Ins. Co.*, 111 AD3d 678 [2013]; *Regina v Marotta*, 67 AD3d 766 [2009]). As we determined in *Mizuno v Barak*, the plaintiff obtained the relief to which he was entitled in the first legal malpractice action, despite Barak's alleged false testimony (*see id.* at 827). Moreover, the litigation costs associated with the first legal malpractice action cannot reasonably be attributed to any alleged false trial testimony given by Barak, or, by extension, by the defendants' conduct as counsel to the plaintiff's adversaries (*see id.*). Accordingly, the Supreme Court properly directed the dismissal of the complaint in the instant action.

The Supreme Court also properly granted the defendants' motion pursuant to Judiciary Law § 90 (10) to remove the Grievance Committee letter from the court file (*see* Judiciary Law § 90 [10]; *Matter of Rodeman*, 65 AD3d 350 [2009]; *see also Rosenberg v MetLife, Inc.*, 8 NY3d 359, 368 n 7 [2007]; *Wiener v Weintraub*, 22 NY2d 330, 331-332 [1968]).

The parties' remaining contentions are either not properly before this Court or without merit, or, in light of our determination, have been rendered academic. Dickerson, J.P., Leventhal, Sgroi and LaSalle, JJ., concur.