Indra Kaushal, Plaintiff-Appellant, 
against
Amarjit Singh, Defendant-Respondent.



Plaintiff, as limited by her brief, appeals from so much of a judgment of the Civil Court of the City of New York, New York County (Anthony Cannataro, J.), entered on March 17, 2016, after a jury trial, as limited her recovery of damages to the principal sum of $10,000.




Per Curiam.
Judgment (Anthony Cannataro, J.), entered on March 17, 2016, insofar as appealed from, affirmed, without costs.
We find no basis to disturb the jury's verdict with regard to damages, since plaintiff presented no proof that she sustained "out of pocket" losses by reason of the fraudulent inducement to purchase a 50% interest in defendant's restaurant (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]). Under the "out of pocket" rule, loss is computed by ascertaining the difference between the consideration paid for the property and its actual value as affected by the consequences of the fraud (see Reno v Bull, 226 NY 546, 552-553 [1919]). Since the plaintiff presented no competent evidence of the actual value of the 50% interest in the restaurant that she received from defendant, "out of pocket" damages have not been proven (see Kumiva Group, LLC v Garda USA Inc., 146 AD3d 504, 506-507 [2017]; Sheth v New York Life Ins. Co., 308 AD2d 387, 388 [2003], lv denied 1 NY3d 305 [2003]; Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc., 88 AD2d 461, 467 [1982]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 24, 2017