16-1119 (L)
Standard Sec. Life Ins. Co. of N.Y. v. Berard

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand seventeen.

PRESENT:  REENA RAGGI,
            DENNY CHIN,
            SUSAN L. CARNEY,
               *Circuit Judges*.

-----------------------------------------------------------------------

STANDARD SECURITY LIFE INSURANCE COMPANY OF NEW YORK,
        *Plaintiff-Counter-Defendant-*
        *Appellee-Cross-Appellant*,

          v.                            Nos. 16-1119-cv
                                           16-1294-cv

BRYAN BERARD,
        *Defendant-Counter-Claimant-*
        *Appellant-Cross-Appellee*.

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:     CONRAD JORDAN (Howard F. Silber, The Law Offices of Howard Silber, Westlake Village, California, *on the brief*), Jordan & LeVerrier, P.C., East Hampton, New York.

APPEARING FOR APPELLEE:     GRANT INGRAM (Joseph M. Rimac, Jr., Anna M. Martin, Rimac Martin P.C., San Francisco, California; Jeffrey S. Weinstein, Emilie Bakal-Caplan, Mound Cotton Wollan &

Greengrass, New York, New York, *on the brief*), Rimac Martin P.C., San Francisco, California.

Appeal from a judgment of the United States District Court for the Southern District of New York (Analisa Torres, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 14, 2016, is AFFIRMED.

Defendant and counter-claimant Bryan Berard appeals from an award of summary judgment in favor of plaintiff Standard Security Life Insurance Company of New York ("SSLI") on his counterclaim that SSLI fraudulently induced him to sign agreements requiring him to repay, upon his successful return from injury to professional hockey, insurance proceeds previously paid to him under a policy that did not contain a repayment provision. On cross-appeal, SSLI challenges the district court's denial of its motion for summary judgment and *sua sponte* award of summary judgment to Berard on its breach-of-contract claim, which sought attorneys' fees incurred in defending against Berard's counterclaims. We review an award of summary judgment *de novo* and will affirm only if the record, viewed in the light most favorable to the non-movant, shows no genuine issue of material fact and the movant's entitlement to judgment as a matter of law. *See Jackson v. Fed. Express*, 766 F.3d 189, 193–94 (2d Cir. 2014). In so doing, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. Fraud Counterclaim

Berard challenges the district court's determination that his fraud counterclaim—which alleged that SSLI persuaded him to execute release and repayment agreements by misrepresenting his insurance-policy obligation to make repayment—is time-barred under New York law.

In New York, "a claim for fraud must be commenced either within six years from the commission of the fraud or within two years from the date that the fraud was discovered, or could reasonably have been discovered, whichever is later." *Guilbert v. Gardner*, 480 F.3d 140, 147 (2d Cir. 2007) (citing, *inter alia*, N.Y. C.P.L.R. § 213(8)). Berard does not dispute that the relevant events occurred more than six years before he filed his counterclaim. As to the discovery rule, a party "will be held to have discovered [a] fraud when it is established that they were possessed of knowledge of facts . . . which indicate the alleged fraud." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 155 (2d Cir. 2012) (quoting *Erbe v. Lincoln Rochester Tr. Co.*, 3 N.Y.2d 321, 326, 165 N.Y.S.2d 107, 111 (1957)); *see also Shalik v. Hewlett Assocs., L.P.*, 93 A.D.3d 777, 778, 940 N.Y.S.2d 304, 305 (2d Dep't 2012) ("The two-year [limitations] period begins to run when the circumstances reasonably would suggest to the plaintiff that he or she may have been defrauded, so as to trigger a duty to inquire on his or her part." (internal quotation marks omitted)). Berard alleges that, at no point prior to his 2013 discovery of the absence of a repayment provision in the insurance policy, did the circumstances suggest that he may have been defrauded. Like the district court, we are not persuaded.

3

Berard does not dispute that, by the end of September 2001, he had access to (1) his individual insurance policy with SSLI, which did not contain a repayment provision and which was only ten pages in length and clearly written; (2) the release agreement pursuant to which SSLI paid him $6 million based on his injury resulting in "permanent total disablement . . . to perform as a Professional Hockey Player," J.A. 35; and (3) the challenged repayment agreement pursuant to which he agreed to a schedule of repayment in order to "attempt to return to his former status as a professional hockey player," *id.* at 37. Moreover, throughout the claims process and the subsequent negotiations, Berard had the assistance of, at different times, his agent, an insurance broker, and an attorney.

By the end of September 2001, Berard thus possessed knowledge of facts sufficient to plead the alleged fraud. *See Spinale v. Tag's Pride Produce Corp.*, 44 A.D.3d 570, 571, 844 N.Y.S.2d 255, 256 (1st Dep't 2007) (affirming summary judgment for defendants on fraud claim where "any documents that might have been necessary for plaintiff to discover the fraud . . . were in his possession" more than two years before bringing claim). No different conclusion is warranted by the assertion that Berard was simply not aware of the facts within his possession. *See Sheth v. N.Y. Life Ins. Co.*, 308 A.D.2d 387, 387, 764 N.Y.S.2d 414, 415 (1st Dep't 2003) (stating that "the contracts signed by plaintiffs at the time of their hiring, had they been read by plaintiffs as they could have been, would have clearly apprised them" of provisions they alleged were fraudulently concealed). Even viewed in the light most favorable to Berard, the record thus supports the conclusion that he could reasonably have discovered the alleged fraud

4

more than two years before bringing the claim. The district court, therefore, correctly determined that the fraud counterclaim is time-barred.

Even if the claim were timely, however, it would fail on the merits because Berard cannot show justifiable reliance on the alleged misrepresentation. *See Centro Empresarial Cempresa S.A. v. Am. Movil, S.A.B. de C.V.*, 17 N.Y.3d 269, 276, 929 N.Y.S.2d 3, 8 (2011) (identifying justifiable reliance element of fraudulent inducement). Under New York law, "[w]here the [fraudulent] representation relates to matters that are not peculiarly within the other party's knowledge and both parties have available the means of ascertaining the truth, . . . any reliance under such circumstances . . . would be unjustifiable." *Lazard Freres & Co. v. Protective Life Ins. Co.*, 108 F.3d 1531, 1542 (2d Cir. 1997) (internal quotation marks omitted); *see also Mallis v. Bankers Tr. Co.*, 615 F.2d 68, 81 (2d Cir. 1980) (observing that reliance is not justifiable where "plaintiff was placed on guard or practically faced with the facts"). Thus, for reliance to be unjustifiable, a defendant need not prove actual notice, as urged by Berard, but only constructive notice that a fraud has been perpetrated.

Under these circumstances, just as Berard's possession of the policy when he signed the release and repayment agreements should have put him on notice of the alleged fraud for purposes of the statute of limitations, his possession of the policy at that time also compels the conclusion that he could not have justifiably relied on any purported misrepresentation in SSLI's presentation of the subsequent agreements, particularly where the policy itself was only ten pages long and written in plain English and where, throughout the claim process and the subsequent negotiations, Berard had the

5

assistance of, at various times, his agent, an insurance broker, and an attorney. *See, e.g.*, *Rotanelli v. Madden*, 172 A.D.2d 815, 817, 569 N.Y.S.2d 187, 188–89 (2d Dep't 1991) (stating that party cannot justifiably rely on representations contradictory to written policy because he "is presumed to have read" policy); *cf. also Daniels v. Commerzbank*, 79 A.D.3d 506, 507, 911 N.Y.S.2d 632, 632–33 (1st Dep't 2010) (stating that signed contract creates presumption that party "knew its contents and assented to them").

In urging otherwise, Berard argues that whether the original, ten-page policy contained a repayment provision is not a sufficiently "straightforward" inquiry to permit the conclusion, as a matter of law, that the absence of such a provision would be clear to a reader of ordinary intelligence. Appellant's Br. 43. Even accepting Berard's lack of sophistication with regard to the type of contract here at issue, he points to no law exempting unsophisticated parties from presumptive familiarity with the contents of documents in their possession.

Berard further argues that SSLI had an affirmative duty to disclose differences between the agreements. Such a duty does not here arise, however, so as to render his reliance on any misrepresentations justifiable, because the full meaning of the terms of both the original policy and the release agreement were clear on their face, and neither party possessed superior knowledge of those terms. *See Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). Accordingly, the district court properly granted summary judgment to SSLI on Berard's fraud counterclaim.[1]

---

[1] In light of that conclusion, we need not consider the district court's alternative ruling that the release agreement precluded Berard from bringing the fraud claim. We also

2.      Breach-of-Contract Claim

On cross-appeal, SSLI challenges the district court's *sua sponte* dismissal of its breach-of-contract claim, arguing that the release provisions in both the release and repayment agreements constituted covenants not to sue, the breach of which entitled SSLI to recover attorneys' fees incurred in defending against Berard's counterclaims. This argument fails.

First, the provisions at issue speak "to known events that had transpired prior to execution" of the policy, not to future claims, and, thus, constitute releases rather than covenants not to sue.   *McMahan & Co. v. Bass*, 250 A.D.2d 460, 461, 673 N.Y.S.2d 19, 21 (1st Dep't 1998).   "Absent a covenant not to sue, there exists no implicit agreement by [Berard] to pay [SSLI's] attorneys' fees," as might "result from breach of a covenant not to sue."   *Id.*   Thus, *Artvale, Inc. v. Rugby Fabrics Corp.*, 363 F.2d 1002 (2d Cir. 1966) (Friendly, J.), which addressed the availability of attorneys' fees for breaches of covenants not to sue, is not pertinent here.[2]

---

need not consider Berard's assertion that this case is governed by *AMEX Assurance Co. v. Caripides*, 316 F.3d 154 (2d Cir. 2003), an argument presented for the first time in his reply brief, which is thus waived.   *See Friends of Animals v. Clay*, 811 F.3d 94, 99 n.8 (2d Cir. 2016).

[2]  Even assuming that the release or repayment agreement could be construed to include a covenant not to sue, *Artvale* holds that, "[i]n the absence of contrary evidence, sufficient effect is given the usual covenant not to sue if, in addition to its service as a defense, it is read as imposing liability only for suits brought in obvious breach or otherwise in bad faith."   *Artvale, Inc. v. Rugby Fabrics Corp.*, 363 F.2d at 1008.   Like the district court, we conclude that (1) the release agreement nowhere states that attorneys' fees should be awarded in the event of a breach; (2) Berard's counterclaims were not brought in obvious breach of the releases, which covered only claims that he had by the date of the agreement and that arose out of his injury; and (3) there is no evidence that the

7

Second, and in any event, under New York law, "the court should not infer a party's intention to waive the benefit of the rule [that parties are responsible for their own attorneys' fees] unless the intention to do so is unmistakably clear from the language of the promise." *Hooper Assocs. v. AGS Computs., Inc.*, 74 N.Y.2d 487, 492, 549 N.Y.S.2d 365, 367 (1989). We have applied this rule in interpreting indemnification clauses to cover third-party claims but not litigation between the parties. *See Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 199–200 (2d Cir. 2003). The language of the release provisions here does not even come as close as an indemnification clause to stating the parties' intention that attorneys' fees should be awarded for litigation between them. Accordingly, the district court correctly dismissed SSLI's breach-of-contract claim.

3.    Conclusion

We have considered the parties' remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

counterclaims were brought in bad faith. *See Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*, 757 F.2d 523, 529 (2d Cir. 1985).

8