*Kay v. Lavry Engineering, Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of February, two thousand twenty-one.

PRESENT:
> AMALYA L. KEARSE,
> PIERRE N. LEVAL,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

BENNY KAY,

> *Plaintiff-Appellant*,

> > v.                                          No. 20-1822

LAVRY ENGINEERING, INC.,

> *Defendant-Appellee.*

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | Carter A. Reich, Carter Reich PC, New York, NY. |
| FOR DEFENDANT-APPELLEE: | James E. Breitenbucher (Elizabeth C. Viele, *on the brief*), Fox Rothchild LLP, Seattle, WA. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Carter, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on May 13, 2020, is **AFFIRMED**.

Plaintiff-Appellant Benny Kay ("Kay") appeals from the District Court's Opinion and Order dismissing his 2019 complaint against Defendant-Appellee Lavry Engineering, Inc. ("Lavry") for damages arising from Kay's purchase in 2008 of audio equipment manufactured by Lavry. The District Court concluded that Kay's claims are barred by New York's three-year statute of limitations, which is applicable to the negligence, negligent misrepresentation, and statutory claims that Kay raises. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

We review *de novo* a district court's grant of a motion to dismiss pursuant to Federal Rule 12(b)(6). *City of Pontiac Gen. Employees' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011).[1] In doing so, we accept the complaint's well-pleaded allegations as true, but do not accept its legal conclusions. *Id.*

Kay's complaint raises claims of negligence, negligent misrepresentation, and violations of New York and Washington State consumer protection laws against Lavry in connection with Kay's retail purchase of Lavry's wares. Because he is a New York resident, Kay's claims are subject to New York's three-year statute of limitations and are correctly treated, in the ordinary course, as having accrued at the time of injury, here the time of purchase. *See* N.Y. C.P.L.R. 214(4); *see also Gaidon v. Guardian Life Ins. Co. of Am.*, 96 N.Y.2d 201, 210 (2001); *Victorson v. Bock Laundry Mach. Co.*, 37 N.Y.2d 395, 399-404 (1975); *Colon v. Banco Popular N. Am.*, 59 A.D.3d 300, 301 (1st Dep't 2009). Kay raises no claims of fraud,

---

[1] Unless otherwise noted, in quoting from caselaw, this Order omits all alterations, citations, footnotes, and internal quotation marks.

which would be governed by different accrual rules and a six-year statute of limitations. N.Y. C.P.L.R. 213(8).

As the District Court recognized, under New York law each of Kay's claims accrued in 2008, when he purchased Lavry's product. Kay's claims thus had to be brought by 2011 to be timely, unless they were preserved by New York's "discovery rule," which treats a claim as accruing at the time of a plaintiff's discovery of a wrong,[2] or by a similar equitable doctrine. But, with exceptions not relevant here, New York's discovery rule does not apply to negligence or negligent misrepresentation claims. *Kronos, Inc. v. AVX Corp.*, 81 N.Y.2d 90, 94 (1993); *see also McCoy v. Feinman*, 99 N.Y.2d 295, 301 (2002). Kay does not argue on appeal that any such rule applies to his separate statutory consumer protection claims.

Kay argues that his common law claims did not accrue until June 2018, when a Lavry technician explained to Kay the alleged product defect about which he complains. Appellant's Br. 4, 9. In support of his position, Kay points to negligence actions involving real property in which New York courts have held that certain such claims accrue when damage to property becomes "apparent." *Id.* 9-14. *See Naccarato v. Sinnott*, 176 A.D.3d 1467, 1468 (3d Dep't 2019) (claim involving real property "accrues when the damages are *apparent*, not when the damages are *discovered*" (emphasis added)); *Cranesville Block Co. v. Niagara Mohawk Power Corp.*, 175 A.D.2d 444, 446 (3d Dep't 1991) ("In an action based upon negligence [involving real property] or a permanent trespass, the cause of action accrues, at the very latest, when the damage is apparent and not at the time of its subsequent discovery."). Kay provides no precedent applying accrual rules that govern real property actions to his complaint about a consumer electronic purchase.

On appeal Kay also puts forward arguments that that his claims against Lavry were preserved by operation of the doctrines of equitable estoppel and equitable tolling. But, since he failed to raise these arguments before the District Court, we treat them as waived and do

---

[2] *See, e.g.*, *Leeming v. Dean Witter Reynolds Inc.*, 676 F. Supp. 541, 544 n.2 (S.D.N.Y. 1988); *see also* N.Y. C.P.L.R. 203(g); *Shalik v. Hewlett Assocs., L.P.*, 93 A.D.3d 777, 778 (2d Dep't 2012) (discussing discovery rule in the context of fraud claims).

not consider them further. *See Mago Int'l v. LHB AG*, 833 F.3d 270, 274 (2d Cir. 2016) (arguments not raised before district courts will not be considered on appeal).

* * *

We have considered all of Kay's arguments on appeal and find in them no basis for reversal. For the foregoing reasons, the District Court's judgment is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court