Pacelli v Peter L. Cedeno & Assoc., PC (2023 NY Slip Op 05448)

Pacelli v Peter L. Cedeno & Assoc., PC

2023 NY Slip Op 05448

Decided on October 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 26, 2023

Before: Webber, J.P., Moulton, González, Kennedy, JJ. 

Index No. 158224/16 Appeal No. 902 Case No. 2023-01445 

[*1]Atesa Pacelli et al., Plaintiffs-Respondents,
v
Peter L. Cedeno & Associates, PC, et al., Defendants-Appellants.

Lewis Brisbois Bisgaard & Smith LLP, New York (Nicholas Hurzeler of counsel), for appellants.
Atesa Pacelli and Anthony Pacelli, respondents pro se.

Order, Supreme Court, New York County (Frank P. Nervo, J.), entered September 13, 2022, which, to the extent appealed from, denied defendants' motion for summary judgment dismissing plaintiffs' claim for breach of fiduciary duty, unanimously reversed, on the law, without costs, and the motion granted.
Defendants were entitled to summary judgment dismissing the breach of fiduciary duty claim. Plaintiffs do not challenge the court's determination that damages recoverable on the claim, which was based on defendants' alleged legal malpractice in connection with their representation of plaintiff Atesa Pacelli in a matrimonial action, was limited to pecuniary damages (see Dombrowski v Bulson, 19 NY3d 347, 352 [2012]). Thus, defendants demonstrated their entitlement to summary judgment by submitting Atesa's responses to interrogatories establishing that she sustained only emotional and psychological injuries as a result of the alleged breach of fiduciary duty.
In opposition, plaintiffs failed to raise a triable issue of fact, as plaintiffs proffered no evidence showing that Atesa sustained pecuniary damages, and adduced proof identifying only emotional and psychological injuries. Contrary to plaintiffs' contention, the allegations in the complaint that Atesa incurred financial expenses as a result of having to seek medical treatment and retain new counsel due to defendants' alleged misconduct are insufficient to defeat summary judgment, absent any supporting evidentiary proof (see CPLR 3212[b]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; S.J. Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338, 343 [1974]). Plaintiffs' contention that they could present such proof at trial is unavailing (see Di Sabato v Soffes, 9 AD2d 297, 301 [1st Dept 1959], app dismissed 11 AD2d 660 [1st Dept 1960]). Because plaintiffs failed to raise a triable issue of fact as to whether recoverable damages were incurred, summary judgment dismissing the claim should have been granted (see Sheth v New York Life Ins. Co., 308 AD2d 387, 387-388 [1st Dept 2003], lv denied 1 NY3d 505 [2003]).
In view of the foregoing, we need not reach the issue of whether the breach of fiduciary duty claim alleges only a nonactionable violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.8(j)(1)(ii) and (iii).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2023