■ ROBERT W. PFOHL et al., Respondents, v AMAX, INC., et al., Defendants, and AMERICAN STANDARD, INC., et al., Appellants. [635 NYS2d 880] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court should have granted defendants' motion to dismiss the complaint as barred by the three-year Statute of Limitations *(see,* CPLR 214-c [2]). The record establishes that, more than three years before the commencement of the suit, plaintiffs requested reductions in their real property tax assessments on the ground that the values of their properties were reduced by their proximity to a "hazardous waste dump" or "Pfohl's Landfill". In addition, the Department of Environmental Conservation (DEC) advised plaintiffs no later than 1988 of the contamination at the landfill site and its efforts to clean up that site. Furthermore, prior to November 12, 1990, all plaintiffs, except Elizabeth Werick, had executed Temporary Use and Occupancy of Private Property Agreements with the DEC, allowing it access to their properties to study the contamination from the landfill. Consequently, plaintiffs knew or should have known prior to November 12, 1990 that their properties were injured and devalued as a result of the operation of the landfill and, therefore, the action is time-barred *(see generally, Jensen v General Elec. Co.,* 82 NY2d 77; *Johnson v Marianetti,* 202 AD2d 970). The fact that plaintiffs characterize their claims as continuing trespass or nuisance does not relieve them of complying with CPLR 214-c (2) *(see, Jensen v General Elec. Co., supra,* at 81).

We also conclude that plaintiffs' strict products liability claim fails to state a cause of action because the chemicals that contaminated plaintiffs' properties were not being used for the purpose and in the manner normally intended *(see generally, Codling v Paglia,* 32 NY2d 330, 334). (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Dismiss Complaint.) Present—Pine, J. P., Lawton, Wesley, Callahan and Davis, JJ.