■ DANIEL P. SCHEG et al., Appellants, v AGWAY, INC., et al., Respondents. [645 NYS2d 687] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs Daniel and Donna Scheg (Schegs), Donald and Sally Cappotelli (Cappotellis), and John and Patricia Debski (Debskis) are owners of property located within 1,000 feet of the Sweden-3 Chapman Inactive Hazardous Waste Site in the Town of Sweden. In July 1990 the Department of Environmental Conservation (DEC) mailed plaintiffs a notice that a public meeting was scheduled for July 19, 1990 concerning remedial measures to remove hazardous waste, which was found to be a significant threat to the environment, from the Chapman site. It is undisputed that plaintiffs received the notice prior to the meeting and attended the public meeting on July 19, 1990.

On July 19, 1993, plaintiffs commenced this action for damages to their property, alleging causes of action for negligence, nuisance, strict products liability, abnormally dangerous activity, and trespass. The complaint alleged that the property of plaintiffs has been exposed to hazardous substances that migrated from the hazardous waste site and that the presence of the site, as well as the remedial and clean-up activities and the contamination of their properties, has diminished the value of their properties as well as their ability to use and enjoy their properties, and has caused them to suffer economic harm.

Supreme Court granted defendants' motion to dismiss the complaint as time barred because the action was commenced more than three years after plaintiffs received notice of the July 19, 1990 public meeting.

The Schegs' claims for damages resulting from exposure are timely under CPLR 214-c (2) because that statute embraces actions for damages ensuing from exposure to any toxic substance, including those characterized as continuing trespass or nuisance (*see, Pfohl v AMAX, Inc.,* 222 AD2d 1068, *lv dismissed* 88 NY2d 931), and the statute begins to run from the date of

discovery (*see, Jensen v General Elec. Co.,* 82 NY2d 77, 87). The record establishes that the Schegs did not discover the presence of arsenic in their well water until November 1990, when they were notified of its presence by the New York State Department of Health.

The Cappotellis and Debskis have stipulated that they are not claiming any damages resulting from exposure. They do assert non-exposure claims for damages for continuing nuisance based upon the proximity of their property to the landfill. Because the Cappotellis and Debskis are not seeking to recover damages for injury to their property "caused by the latent effects of exposure to any substance", the date of discovery Statute of Limitations, CPLR 214-c (2), does not apply. Instead, the three-year Statute of Limitations for damages for injury to property contained in CPLR 214 (4) applies to their non-exposure claims. Although their claims for nuisance based on the remediation efforts of the DEC do not state a cause of action against these defendants, their complaint, insofar as it alleges that the value of their property was diminished as a result of its proximity to the landfill, does state a cause of action. They are entitled to claim the benefit of the continuing wrong exception for their nuisance claims, limited, however, to recovery of damages incurred within the three-year period prior to commencement of the action (*see, Sova v Glasier,* 192 AD2d 1069, 1070).

Thus, we modify the order by denying in part defendants' motion to dismiss and reinstating the claims of the Schegs for damages resulting from exposure and the claims of the Cappotellis and Debskis for damages for nuisance as herein stated. (Appeal from Order of Supreme Court, Monroe County, Ark, J.—Dismiss Complaint.) Present—Denman, P. J., Pine, Callahan, Balio and Davis, JJ.