In an action, inter alia, to recover damages for continuing trespass, negligence, and violation of Navigation Law article 12, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Whelan, J.), dated August 26, 2011, which granted *892 the motion of the defendants Keyspan Corp., Keyspan Energy Corp., and Keyspan Gas East Corp., doing business as Keyspan Energy, pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them.
Ordered that the order is affirmed, with costs.
“A defendant who seeks dismissal of a complaint pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to sue has expired” (LaRocca v DeRicco, 39 AD3d 486, 486-487 [2007] [internal quotation marks omitted]; see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 90 AD3d 821, 822 [2011]). The burden then shifts to the nonmoving party to raise an issue of fact as to the applicability of an exception to the statute of limitations, or as to whether the statute of limitations was tolled (see Shalik v Hewlett Assoc., L.P., 93 AD3d 777, 778 [2012]; Williams v New York City Health & Hosps. Corp., 84 AD3d 1358, 1359 [2011]) or the cause of action was interposed within the applicable limitations period (see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 90 AD3d at 822).
Here, the defendants Keyspan Corp., Keyspan Energy Corp., and Keyspan Gas East Corp., doing business as Keyspan Energy (hereinafter collectively the Keyspan defendants), demonstrated that in 1998, the plaintiff agreed to allow their predecessor to install monitoring wells on the subject property, and that, in 2002, the plaintiff participated in a survey regarding the possible infiltration of contaminants into the vicinity of the subject property. The Keyspan defendants also demonstrated that in January 2003, they notified the plaintiff of monitoring activities and test results regarding the presence of contaminants in the vicinity of the subject property. Thus, the Keyspan defendants established that, at least eight years before the plaintiff commenced this action in February 2011, the plaintiff obtained knowledge that would place “a reasonable person on notice of the need to undertake further investigation to ascertain the scope of the contamination” (Oliver Chevrolet v Mobil Oil Corp., 249 AD2d 793, 794-795 [1998]; see Rose v Grumman Aerospace Corp., 196 AD2d 861, 862 [1993]).
In opposition, the plaintiff failed to raise an issue of fact as to the applicability of an exception to the statute of limitations, or as to whether the statute of limitations was tolled or the causes of action were interposed within the applicable limitations period (see Shalik v Hewlett Assoc., L.P., 93 AD3d at 778; East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 90 AD3d at 822). Thus, the Supreme Court properly granted the *893 Keyspan defendants’ motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them as barred by the statute of limitations (see CPLR 214-c [2]; 213 [1]; Jensen v General Elec. Co., 82 NY2d 77, 83-84 [1993]). Balkin, J.E, Chambers, Roman and Hinds-Radix, JJ., concur.