■ Marian Kamath et al., Appellants, v Building New Lifestyles, Ltd., Defendant/Third-Party Plaintiff-Respondent, et al., Defendant. Classic Wall, Inc., Third-Party Defendant-Respondent. [44 NYS3d 532]—

In an action to recover damages for breach of contract, injury to property, and personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Pastoressa, J.), entered October 21, 2014, as granted that branch of the motion of the defendant Building New Lifestyles, Ltd., which was for summary judgment dismissing the complaint insofar as asserted against it and that branch of the third-party defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (5).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

In 1993, the plaintiffs Marian Kamath (hereinafter Dr. Kamath) and Sharrel Kamath (hereinafter Ms. Kamath) entered into a contract with the defendant Building New Lifestyles, Ltd. (hereinafter BNL), pursuant to which BNL agreed to construct and renovate the Kamaths' house in Nassau County (hereinafter the renovation project). The renovation project, among other things, required BNL to install synthetic stucco siding on the exterior of the house. BNL entered into a subcontract with Classic Wall, Inc. (hereinafter Classic Wall), pursuant to which Classic Wall was to install the siding. A certificate of occupancy was issued on July 8, 1994,

and the Kamaths moved back into the house in 1995 or 1996. A severe mold infestation ultimately was discovered in the house.

The Kamaths, on behalf of themselves and their son (hereinafter collectively the plaintiffs), commenced this action against BNL in April 2008, alleging breach of contract and negligence. The plaintiffs alleged that by 1996, Ms. Kamath began to experience scalp and skin irritation. In 2000, the Kamaths' son was diagnosed with a skin condition. In 2003 or 2004, Dr. Kamath began experiencing itching, rashes, and a cough. As early as 1996, but at the latest by 2001 or 2002, Dr. Kamath had also observed mold or mildew on the exterior synthetic stucco. He first observed mold growing inside the house in 2006, at which time he hired an inspector and learned that the house contained a severe mold infestation that could have resulted in a "catastrophic failure" of the house. BNL commenced a third-party action against Classic Wall for indemnification. BNL moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it as time-barred. Classic Wall cross-moved pursuant to CPLR 3211 (a) (5), inter alia, to dismiss the complaint as time-barred. The Supreme Court granted the aforementioned branches of BNL's motion and Classic Wall's cross motion. The plaintiffs appeal.

"[A]n action upon a contractual obligation or liability, express or implied," must be commenced within six years (CPLR 213 [2]). "A claim against a contractor for damages arising from defective construction accrues, for limitations purposes, upon completion of performance under the contract" (*Starakis v Baker*, 121 AD3d 669, 671 [2014]). "This rule applies no matter how a claim is characterized in the complaint because all liability for defective construction has its genesis in the contractual relationship of the parties" (*Town of Oyster Bay v Lizza Indus., Inc.*, 22 NY3d 1024, 1030 [2013] [internal quotation marks omitted]). Moreover, "construction may be complete even though incidental matters relating to the project remain open" (*State of New York v Lundin*, 60 NY2d 987, 989 [1983]; *see New York City Sch. Constr. Auth. v Admiral Constr., LLC*, 114 AD3d 914, 915 [2014]). Here, BNL established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging breach of contract insofar as asserted against it under the statute of limitations by submitting proof demonstrating that the certificate of occupancy was issued in July 1994, that the plaintiffs moved back into the house in 1995 or 1996, and, at the time the plaintiffs moved back into the house, the only major work left to be completed from the

renovation project was interior decorating (*see Radmin v Bertani*, 261 AD2d 598, 598 [1999]). In opposition, the plaintiffs failed to raise a triable issue of fact.

BNL also established its prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging negligence insofar as asserted against it. Generally, actions to recover damages for an injury to property or for a personal injury are governed by the three-year statute of limitations found in CPLR 214 (*see* CPLR 214 [4], [5]). There is, however, an exception to that rule: "[a] plaintiff's cause of action for damages resulting from exposure to toxic substances accrues when the plaintiff begins to suffer the manifestations and symptoms of his or her physical condition, i.e., when the injury is apparent, not when the specific cause of the injury is identified" (*Searle v City of New Rochelle*, 293 AD2d 735, 736 [2002]; *see* CPLR 214-c; *Matter of New York County DES Litig.*, 89 NY2d 506, 508-509 [1997]). Here, BNL submitted evidence that each of the three plaintiffs began to experience symptoms allegedly related to the mold condition more than three years prior to the commencement of this action in 2008. Ms. Kamath first suffered symptoms allegedly related to the mold infestation in 1995 or 1996; the son was diagnosed with atopic dermatitis, allegedly related to the mold condition, in 2000; and Dr. Kamath first experienced symptoms allegedly related to the mold condition in 2003 or 2004 (*see Searle v City of New Rochelle*, 293 AD2d at 736-737). In any event, the defendants submitted evidence that the plaintiffs were aware of a mold or mildew condition at their house by 2002. In opposition, the plaintiffs failed to demonstrate the existence of a triable issue of fact.

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of BNL's motion which was for summary judgment dismissing the complaint insofar as asserted against it as time-barred and that branch of Classic Wall's cross motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (5) as time-barred. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.