In an action, inter alia, to recover damages for injury to real property, the plaintiffs William Sullivan, Lynn M. Chmurzynski, and the other plaintiffs referenced in the notice of appeal, appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated August 7, 2014, as granted that branch of the motion of the defendants Keyspan Corp., Keyspan Energy Corp., and Keyspan Gas East Corp., doing business as Keyspan Energy and National Grid, which was pursuant to CPLR 3211 to dismiss the second amended complaint insofar as asserted against them by each of those plaintiffs except the plaintiff George Strain.
 

 Ordered that the appeal by the plaintiff George Strain is dismissed, as he is not aggrieved by the portion of the order appealed from (see CPLR 5511); and it is further,
 

 Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants Keyspan Corp., Keyspan Energy Corp., and Keyspan Gas East Corp., doing business as Keyspan Energy and National Grid, which was to dismiss the sixth cause of action to recover damages for private nuisance insofar as asserted by the plaintiff Axistea Mousis, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from by the plaintiffs William Sullivan, Lynn M. Chmurzynski, and the other plaintiffs referenced in the notice of appeal; and it is further,
 

 Ordered that one bill of costs is awarded to the defendants Keyspan Corp., Keyspan Energy Corp., and Keyspan Gas East Corp., doing business as Keyspan Energy and National Grid, payable by the plaintiffs William Sullivan, Lynn M. Chmurzynski, and the other plaintiffs referenced in the notice of appeal, except Aristea Mousis.
 

 The plaintiffs are more than 100 homeowners in Bay Shore, who allege, among other things, injury to real property resulting from alleged contamination emanating from the former site of a “manufactured gas plant” and from remediation work performed by the defendants Keyspan Corp., Keyspan Energy Corp., and Keyspan Gas East Corp., doing business as Keyspan Energy and National Grid (hereinafter collectively the defendants). Five of the plaintiffs commenced this action by summons and complaint dated November 28, 2012, 54 of the plaintiffs joined the action by summons and amended complaint dated February 6, 2013, and the remaining plaintiffs joined the action by summons and second amended complaint dated May 15, 2013. The defendants moved to dismiss the second amended complaint as barred by the statute of limitations, for lack of standing, and as barred under the primary jurisdiction doctrine, among other things. The plaintiffs opposed the motion and cross-moved for summary judgment, inter alia, on the issue of liability. Most of the plaintiffs submitted affidavits in which they alleged that they either sustained actual property damage or were at risk of future property damage or personal injury from the contamination and remediation.
 

 In the order appealed from, the Supreme Court granted that branch of the defendants’ motion which was to dismiss the second amended complaint insofar as asserted against them by all of the plaintiffs except the plaintiff George Strain, who bought his property in June 2010, and denied the plaintiffs’ cross motion in its entirety. The plaintiffs named in the first amended complaint (hereinafter the appellants) appeal, as limited by their brief, from so much of the order as granted that branch of the defendants’ motion which was to dismiss the second amended complaint insofar as asserted against them by each of the appellants except George Strain. We modify.
 

 “ ‘A defendant who seeks dismissal of a complaint pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to sue has expired’ ” (Benjamin v Keyspan Corp., 104 AD3d 891, 892 [2013], quoting LaRocca v DeRicco, 39 AD3d 486, 486-487 [2007]). The burden then shifts to the plaintiff to aver evidentiary facts establishing that his or her cause of action falls within an exception to the statute of limitations, or raising an issue of fact as to whether such an exception applies (see Texeria v BAB Nuclear Radiology, P.C., 43 AD3d 403, 405 [2007]), or that the cause of action was interposed within the applicable statute of limitations (see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 90 AD3d 821, 822 [2011]).
 

 Generally, an action to recover damages for personal injury or injury to property must be commenced within three years of the injury (see CPLR 214 [4], [5]; Kamath v Building New Lifestyles, Ltd., 146 AD3d 765, 767 [2017]). “[T]he three year period within which an action to recover damages for personal injury or injury to property caused by the latent effects of exposure to any substance or combination of substances,” however, “shall be computed from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier” (CPLR 214-c [2]; see Jensen v General Elec. Co., 82 NY2d 77, 83-84 [1993]). “For purposes of CPLR 214-c, discovery occurs when, based upon an objective level of awareness of the dangers and consequences of the particular substance, ‘the injured party discovers the primary condition on which the claim is based’ ” (MRI Broadway Rental v United States Min. Prods. Co., 92 NY2d 421, 429 [1998], quoting Matter of New York County DES Litig., 89 NY2d 506, 509 [1997]).
 

 Here, the defendants demonstrated that they undertook extensive efforts beginning in 1999 to inform and engage with property owners potentially affected by the contamination and remediation. These efforts included, among other things, door-to-door canvassing, mailing a survey in 2002 inquiring about observable effects of contamination on properties, testing properties for contaminant intrusion, and mailing periodic newsletters and fact sheets detailing the nature and extent of the contamination and providing updates on the remediation. The defendants also held dozens of public meetings, which they advertised in advance in local media and in direct mailers, and conducted highly visible remediation work. The defendants undertook these actions in conjunction with and under the supervision of the New York State Department of Environmental Conservation in accordance with an order on consent dated September 30, 1999. Although the level of the defendants’ contact with the appellants varied, the defendants satisfied their burden of establishing, prima face, that each of the appellants had an objective level of awareness of the dangers and consequences of the contamination sufficient to place them on notice of the primary condition on which their claims are based (see Benjamin v Keyspan Corp., 104 AD3d at 892).
 

 In opposition, the appellants failed to raise a triable issue of fact as to the applicability of an exception to the statute of limitations, or whether the statute of limitations was tolled or the causes of action related to the contamination were interposed within the applicable limitations period (see Suffolk County Water Auth. v Dow Chem. Co., 121 AD3d 50, 58-61 [2014]; Benjamin v Keyspan Corp., 104 AD3d at 892). Most significantly, the appellants failed to identify any misrepresentation made by the defendants that induced them to refrain from filing a timely action (see Bennett v Panos, 120 AD3d 729, 730-731 [2014]; Benjamin v Keyspan Corp., 104 AD3d at 892), or that the contamination independently resulted in some new injury within the statute of limitations period that is distinct and qualitatively different from prior injuries (see Suffolk County Water Auth. v Dow Chem. Co., 121 AD3d at 60; Oeffler v Miles, Inc., 241 AD2d 822, 826 [1997]).
 

 With respect to the alleged wrongs and injuries arising from the remediation work, to which the limitations period in CPLR 214 (4) applies because they are not exposure-related causes of action (see Scheg v Agway, Inc., 229 AD2d 963, 964 [1996]), the defendants submitted evidence demonstrating that they paid some of the appellants in satisfaction of their property damage claims and that the remainder did not suffer remediation-related injuries within the limitations period. In opposition, the appellants failed to raise a triable issue of fact, except as to the plaintiff Aristea Mousis.
 

 The appellants raised a triable issue of fact as to whether the continuing harm exception applies to the allegations of nuisance asserted by the plaintiff Aristea Mousis. The elements of a private nuisance cause of action are: (1) an interference substantial in nature with a person’s property right to use and enjoy land, (2) that is intentional in origin and unreasonable in character, and (3) caused by another’s conduct in acting or failure to act (see Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 570 [1977]; Taggart v Costabile, 131 AD3d 243, 247 [2015]). Here, Aristea Mousis averred that she “continue [s]” to suffer “vibrations” and “noise” as a result of the defendant’s “[e]xcavations and drilling.” Since these alleged acts of continuous nuisance give rise to successive causes of action under the continuing wrong doctrine (see Bloomingdales, Inc. v New York City Tr. Auth., 13 NY3d 61, 66 [2009]; Lucchesi v Perfetto, 72 AD3d 909, 912 [2010]), the Supreme Court should have denied that branch of the defendants’ motion which was to dismiss Aristea Mousis’s cause of action alleging a private nuisance resulting from the remediation work.
 

 Rivera, J.R, Hall, Roman and Christopher, JJ., concur.