O'Brien v County of Nassau (2018 NY Slip Op 05774)





O'Brien v County of Nassau


2018 NY Slip Op 05774


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2016-02295
 (Index No. 604993/14)

[*1]Frank O'Brien, appellant, 
v
County of Nassau, et al., respondents, et al., defendant.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Naomi M. Taub], of counsel), for appellant.
Spolzino, Smith, Buss & Jacobs, LLP, Yonkers, NY (Robert A. Spolzino of counsel), for respondents County of Nassau and Nassau County Department of Public Works.
Farrell Fritz, P.C., Uniondale, NY (John P. McEntee, Kathryn C. Cole, and Sarah M. Baird of counsel), for respondent New York Islanders Hockey Club, L.P.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Daniel Palmieri, J.), entered March 2, 2016. The order, insofar as appealed from, granted those branches of the motion of the defendants County of Nassau and Nassau County Department of Public Works pursuant to CPLR 3211(a)(5) which were to dismiss the first, second, third, fifth, and sixth causes of action insofar as asserted against them as time-barred, and granted those branches of the separate motion of the defendant New York Islanders Hockey Club, L.P., pursuant to CPLR 3211(a)(5) which were to dismiss the first, third, fifth, and sixth causes of action insofar as asserted against it as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
In April 2012, the plaintiff filed a Workers' Compensation claim alleging that he had been exposed to asbestos while working at the Nassau Coliseum. On April 30, 2012, the plaintiff filed a notice of claim against the County of Nassau and the Nassau County Department of Public Works (hereinafter together the County defendants), alleging that he sustained severe and permanent
injuries to both lungs and other internal organs, and that he suffered from extreme and severe distress due to his fear of developing cancer, arising from exposure to asbestos while working at the Nassau Coliseum. The notice of claim also asserted that the plaintiff discovered, on March 24, 2012, that asbestos contamination at Nassau Coliseum had been confirmed through laboratory reports, and that he had reason to believe that he had come into direct contact with and had ingested asbestos while working at the Nassau Coliseum. On September 18, 2012, the plaintiff learned that a breathing test and CT scan that he had undergone revealed that he had mild restriction of breathing, nodules on his lungs, and a cyst on his liver.
The plaintiff commenced this action on November 12, 2015, against the County defendants and the New York Islanders Hockey Club, L.P. (hereinafter the Islanders), and another [*2]entity, alleging asbestos-related injuries. The County defendants moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred. The Islanders moved pursuant to CPLR 3211(a)(5) to dismiss all causes of action except the second cause of action, which alleged fraudulent concealment, insofar as asserted against it as time-barred. The Supreme Court granted both motions. The plaintiff appeals from so much of the order as granted those branches of the County defendants' motion which were to dismiss the first, second, third, fifth, and sixth causes of action as time-barred, and those branches of the Islanders' motion which were to dismiss the first, third, fifth, and sixth causes of action as time-barred.
" A defendant who seeks dismissal of a complaint pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to sue has expired'" (Benjamin v Keyspan Corp., 104 AD3d 891, 892, quoting LaRocca v DeRicco, 39 AD3d 486, 486-487). The burden then shifts to the plaintiff to aver evidentiary facts establishing that his or her cause of action falls within an exception to the statute of limitations, or raising a question of fact as to whether such an exception applies (see Texeria v BAB Nuclear Radiology, P.C., 43 AD3d 403, 405), or as to whether the cause of action was interposed within the applicable statute of limitations (see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 90 AD3d 821, 822).
Generally, an action to recover damages for personal injuries caused by the latent effects of exposure to any substance or combination of substances must be commenced within three years of the date of discovery of the injury by the plaintiff or from the date when, through the exercise of reasonable diligence, such injury should have been discovered by the plaintiff, whichever is earlier (see CPLR 214-c[2]; Jensen v General Elec. Co., 82 NY2d 77, 83-84). "For purposes of CPLR 214-c, discovery occurs when, based upon an objective level of awareness of the dangers and consequences of the particular substance, the injured party discovers the primary condition on which the claim is based'" (MRI Broadway Rental v United States Min. Prods. Co., 92 NY2d 421, 429, quoting Matter of New York County DES Litig., 89 NY2d 506, 509). Where, as here, a claim is asserted against a municipality, the statute of limitations as to the claim against the municipality is 1 year and 90 days and is measured from the date of discovery of the injury or from the date when, through the exercise of reasonable diligence, the injury should have been discovered, whichever is earlier (see CPLR 214-c[3]; General Municipal Law § 50-i[1]).
The County defendants and the Islanders (hereinafter collectively the defendants) separately moved, inter alia, to dismiss the first, third, fifth, and sixth causes of action, which alleged

unsafe workplace, premises liability, negligent infliction of emotional distress, and general negligence, respectively, insofar as asserted against each of them. The defendants demonstrated that, by September 18, 2012, the plaintiff had been made aware, through laboratory reports, that asbestos was present at the Nassau Coliseum and that he had come into direct contact with asbestos during his employment; that the plaintiff had filed a Workers' Compensation claim alleging injuries sustained from exposure to asbestos; that the plaintiff had filed a notice of claim alleging severe and permanent injuries, including injuries to both lungs and other organs, and emotional distress, as a result of exposure to asbestos; that a breathing test had shown that the plaintiff was suffering from mild restriction of breathing; and that a CT scan had revealed nodules on the plaintiff's lungs and a cyst on his liver. Thus, the defendants established that, more than three years prior to the commencement of the instant action on November 12, 2015, the plaintiff had an objective level of awareness of the dangers and consequences of asbestos exposure sufficient to place him on notice of the primary condition on which his claims were based (see Sullivan v Keyspan Corp., 155 AD3d 804).
Regarding that branch of the County defendants' motion which was to dismiss the second cause of action, which alleged fraudulent concealment, insofar as asserted against them, the statute of limitations begins to run on a fraud claim when a plaintiff attains knowledge of facts from which the fraud could have been discovered with reasonable diligence (see Marasa v Andrews, 69 AD3d 584; Town of Poughkeepsie v Espie, 41 AD3d 701). Here, the fraud alleged was the concealment of the presence of asbestos at the Nassau Coliseum, of which the plaintiff admitted he became aware on March 24, 2012. Since the plaintiff commenced this action more than 1 year and [*3]90 days after his discovery of the alleged fraud, the County defendants demonstrated that the second cause of action was time-barred (see General Municipal Law § 50-i[1]).
In opposition to the defendants' separate motions, the plaintiff failed to raise a question of fact as to the applicability of an exception to the statute of limitations, or as to whether the statute of limitations was tolled or whether the causes of action were interposed within the applicable limitations period (see Benjamin v Keyspan Corp., 104 AD3d 891). Contrary to the plaintiff's contention, the "two-injury rule" is inapplicable, as the plaintiff failed to show that the injuries allegedly sustained within the limitations period were separate and distinct and qualitatively different from those sustained earlier (see Suffolk County Water Auth. v Dow Chem. Co., 121 AD3d 50, 59-61; cf. Conforti v County of Nassau, 41 Misc 3d 1236[A], 2013 NY Slip Op 51993[U] [Sup Ct, Nassau County]; Fusaro v Porter-Hayden Co., 145 Misc 2d 911 [Sup Ct, NY County]).
Accordingly, the record supports the Supreme Court's determination to grant those branches of the defendants' separate motions which were to dismiss the first, third, fifth, and sixth causes of action insofar as asserted against each of them, and its determination to grant that branch of the County defendants' motion which was to dismiss the second cause of action insofar as asserted against them.
MASTRO, J.P., DILLON, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court