Tsakis v Keyspan Corp. (2019 NY Slip Op 07436)





Tsakis v Keyspan Corp.


2019 NY Slip Op 07436


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-02228
 (Index No. 5022/08)

[*1]Jon Tsakis, et al., appellants,
v
Keyspan Corp., et al., respondents.


McCallion & Associates LLP, New York, NY (Kenneth F. McCallion and Reilly, Like & Tenety [Irving Like], of counsel), for appellants.
John F. Hastings, Hicksville, NY (McLane Middleton, Professional Association [Bruce W. Felmly and Rachel A. Hampe], of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for injury to real property, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated January 7, 2016. The order granted that branch of the defendants' motion which was for summary judgment dismissing the second through eighth causes of action as time-barred, and dismissing the tenth cause of action on the merits.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing, as time-barred, the second through eighth causes of action, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiffs are the owners of a four-family dwelling located in Bay Shore (hereinafter the subject property). They commenced this action against the defendants on January 30, 2008, seeking, inter alia, to recover damages for injury to the subject property resulting from alleged contamination emanating over the course of decades from the former site of a manufactured gas plant and from subsequent remediation work performed by the defendants, and for permanent injunctive relief in the form of medical monitoring.
The defendants moved for summary judgment dismissing the second through eighth and tenth causes of action as time-barred or, in the alternative, for summary judgment dismissing those causes of action on the merits. By order dated January 7, 2016, the Supreme Court granted those branches of the defendants' motion which were for summary judgment dismissing the second through eighth causes of action, which sought damages, as time-barred, and for summary judgment dismissing the tenth cause of action, which sought permanent injunctive relief in the form of medical monitoring, on the merits. The court did not address that branch of the defendants' motion which was for summary judgment dismissing the plaintiffs' causes of action which sought damages on the merits, nor have the defendants pursued that relief on this appeal. The plaintiffs appeal. We modify.
We agree with the Supreme Court's determination granting that branch of the defendant's motion which was for summary judgment dismissing the plaintiff's tenth cause of action, which sought permanent injunctive relief in the form of medical monitoring. New York does not recognize an independent cause of action for medical monitoring (see Caronia v Philip Morris USA, Inc., 22 NY3d 439, 452).
We disagree, however, with the Supreme Court's determination that the causes of action to recover damages resulting from contamination were time-barred. "Generally, an action to recover damages for personal injury or injury to property must be commenced within three years of the injury" (Sullivan v Keyspan Corp., 155 AD3d 804, 805; see CPLR 214[4], [5]; Kamath v Building New Lifestyles, Ltd., 146 AD3d 765, 767). "[T]he three year period within which an action to recover damages for personal injury or injury to property caused by the latent effects of exposure to any substance or combination of substances," however, "shall be computed from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier" (CPLR 214-c[2]; see Jensen v General Elec. Co., 82 NY2d 77, 83-84; Sullivan v Keyspan Corp., 155 AD3d at 805-806). "For purposes of CPLR 214-c, discovery occurs when, based upon an objective level of awareness of the dangers and consequences of the particular substance, the injured party discovers the primary condition on which the claim is based'" (MRI Broadway Rental v United States Min. Prods. Co., 92 NY2d 421, 429, quoting Matter of New York County DES Litig., 89 NY2d 506, 509).
Here, as in Sullivan v Keyspan Corp. (155 AD3d 804), the defendants demonstrated that they undertook extensive efforts beginning in 1999 to inform and engage with property owners potentially affected by the contamination and remediation by conducting, among other things, door-to-door canvassing, direct mailings of newsletters and fact sheets, numerous public meetings, and highly visible and disruptive remediation work. Nevertheless, the defendants also submitted transcripts of the deposition testimony of both plaintiffs, who explained that they have resided in Virginia continuously since 1992 and visited the subject property only once or twice a year through 2002, and even less frequently after that. The plaintiffs denied observing any signs of contamination or receiving any complaints relating to the contamination from their tenants or rental brokers. They also denied receiving any information from the defendants at their home in Virginia, and their correct address appears on a mailing list for only one of the many types of correspondence sent by the defendants. The plaintiff Cheryl Tsakis testified that she first became aware of the contamination upon receiving a letter from an attorney's office within the limitations period, while the plaintiff Jon Tsakis testified that he first became aware of the contamination during a visit to the subject property, which apparently occurred in 2006, when he observed an attorney advertisement in the window of a nearby building. In view of the conflicting evidence submitted in support of the defendants' motion, the defendants failed to establish their prima facie entitlement to summary judgment, since they did not demonstrate that the plaintiffs had an objective level of awareness of the dangers and consequences of the contamination sufficient to place them on notice of the primary condition on which their exposure-related claims for damages were based within the applicable limitations period.
We also disagree with the Supreme Court's determination that the causes of action sounding in public and private nuisance, which sought to recover damages for injury arising from the defendants' remediation work, were time-barred (see Sullivan v Keyspan Corp., 155 AD3d at 807). These causes of action are subject to the limitations period in CPLR 214(4) rather than CPLR 214-c(2) because they do not seek "to recover damages for personal injury or injury to property caused by the latent effects of exposure" (CPLR 214-c[2]; see CPLR 214[4]; Sullivan v Keyspan Corp., 155 AD3d at 807; Scheg v Agway, Inc., 229 AD2d 963, 964). Here, in opposition to the defendants' prima facie showing on the motion, the plaintiffs submitted evidence that the defendants conducted remediation work in close proximity to the subject property and that the plaintiffs incurred damages as an alleged consequence of the remediation efforts within the relevant limitations period. The plaintiffs therefore raised a triable issue of fact as to the timeliness of their causes of action sounding in public and private nuisance insofar as they seek damages allegedly arising from the defendants' remediation work.
Accordingly, the Supreme Court should have denied those branches of the [*2]defendants' motion which were for summary judgment dismissing the second through eighth causes of action, which sought to recover damages, as time-barred.
MASTRO, J.P., BALKIN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court