Panzo v Keyspan Corp. (2019 NY Slip Op 07407)





Panzo v Keyspan Corp.


2019 NY Slip Op 07407


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-02225
 (Index No. 3712/08)

[*1]Donald Panzo, Sr., etc., appellant,
v
Keyspan Corp., et al., respondents.


McCallion & Associates LLP, New York, NY (Kenneth F. McCallion and Reilly, Like & Tenety [Irving Like], of counsel), for appellant.
John F. Hastings, Hicksville, NY (McLane Middleton, Professional Association [Bruce W. Felmly and Rachel A. Hampe], of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for injury to real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated January 7, 2016. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the second through eighth causes of action as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff is the executor of the estate of Vincent Grompton (hereinafter the decedent), who formerly owned real property located in Bay Shore (hereinafter the subject property). The decedent commenced this action against the defendants on January 28, 2008, seeking, inter alia, to recover damages for injuries to the subject property resulting from alleged contamination emanating over the course of decades from the former site of a manufactured gas plant, and from subsequent remediation work performed by the defendants. The executor of the decedent's estate succeeded him as the plaintiff in the action.
The defendants moved for summary judgment dismissing the second through eighth causes of action as time-barred or, in the alternative, for summary judgment dismissing those causes of action on the merits. By order dated January 7, 2016, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the second through eighth causes of action as time-barred. The court did not address that branch of the defendants' motion which was for summary judgment dismissing those causes of action on the merits, nor have the defendants pursued that relief on this appeal. The plaintiff appeals. We affirm.
We agree with the Supreme Court's determination granting that branch of the defendants' motion which was for summary judgment dismissing the causes of action seeking damages for exposure-related injuries as time-barred. "Generally, an action to recover damages for personal injury or injury to property must be commenced within three years of the injury" (Sullivan [*2]v Keyspan Corp., 155 AD3d 804, 805; see CPLR 214[4], [5]; Kamath v Building New Lifestyles, Ltd., 146 AD3d 765, 767). "[T]he three year period within which an action to recover damages for personal injury or injury to property caused by the latent effects of exposure to any substance or combination of substances," however, "shall be computed from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier" (CPLR 214-c[2]; see Jensen v General Elec. Co., 82 NY2d 77, 83-84; Sullivan v Keyspan Corp., 155 AD3d at 805-806). "For purposes of CPLR 214-c, discovery occurs when, based upon an objective level of awareness of the dangers and consequences of the particular substance, the injured party discovers the primary condition on which the claim is based'" (MRI Broadway Rental v United States Min. Prods. Co., 92 NY2d 421, 429, quoting Matter of New York County DES Litig., 89 NY2d 506, 509).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by tendering sufficient evidence to demonstrate the absence of a triable issue of fact with respect to the untimeliness of the plaintiff's causes of action to recover damages for exposure-related injuries (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324; Semerjian v County of Suffolk, 282 AD2d 518, 518). Specifically, as in Sullivan v Keyspan Corp. (155 AD3d 804), the defendants here demonstrated that they undertook extensive efforts beginning in 1999 to inform and engage with property owners potentially affected by the contamination and remediation by conducting, among other things, door-to-door canvassing, direct mailings of newsletters and fact sheets, numerous public meetings, and highly visible and disruptive remediation work. The defendants further established that the decedent, who the record demonstrates resided at the property until 2006, was specifically targeted in their outreach campaign, and in 2002 the decedent responded to a written survey inquiring about the observable effects of contamination on the subject property. The defendants thus established, prima facie, that the decedent should have discovered, through the exercise of reasonable diligence, the primary condition upon which the exposure-related claims were based prior to January 28, 2005 (see Sullivan v Keyspan Corp., 155 AD3d at 806; Benjamin v Keyspan Corp., 104 AD3d 891, 892).
In opposition, the plaintiff failed to raise a triable issue of fact as to the applicability of an exception to the statute of limitations, or whether the statute of limitations was tolled or whether the causes of action to recover damages for exposure-related injures were interposed within the applicable limitations period (see Suffolk County Water Auth. v Dow Chem. Co., 121 AD3d 50, 58-61; Benjamin v Keyspan Corp., 104 AD3d at 892). In particular, the plaintiff failed to identify any misrepresentation made by the defendants that induced the decedent to refrain from timely commencing the action, or show that the contamination independently resulted in some new injury within the statute of limitations period that was distinct and qualitatively different from prior injuries (see Sullivan v Keyspan Corp., 155 AD3d at 806-807; Suffolk County Water Auth. v Dow Chem. Co., 121 AD3d at 60).
The plaintiff's contention that the defendants' performance of remediation work near the subject property in 2008 establishes the timeliness of his causes of action to recover damages for nuisance is not properly before this Court, as it is raised for the first time in his appellate reply brief, to which the defendants had no opportunity to respond (see U.S. Bank N.A. v Dellarmo, 128 AD3d 680, 681).
MASTRO, J.P., BALKIN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court