Onder Realty, Inc. v Keyspan Corp. (2019 NY Slip Op 07406)





Onder Realty, Inc. v Keyspan Corp.


2019 NY Slip Op 07406


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-02229
 (Index No. 837/10)

[*1]Onder Realty, Inc., appellant, 
v
Keyspan Corp., et al., respondents, et al., defendants.


McCallion & Associates LLP, New York, NY (Kenneth F. McCallion and Reilly, Like & Tenety [Irving Like], of counsel), for appellant.
John F. Hastings, Hicksville, NY (McLane Middleton, Professional Association [Bruce W. Felmly and Rachel A. Hampe], of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for injury to real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated January 7, 2016. The order granted that branch of the motion of the defendants Keyspan Corp., Keyspan Energy Corp., and Keyspan Gas East Corp. which was for summary judgment dismissing the first through seventh causes of action insofar as asserted against them as time-barred.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants Keyspan Corp., Keyspan Energy Corp., and Keyspan Gas East Corp. which was for summary judgment dismissing, as time-barred, those causes of action which sought to recover damages for public and private nuisance allegedly resulting from remediation work conducted by those defendants insofar as asserted against them, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff is a corporation that formerly owned a parcel of real property in Bay Shore (hereinafter the subject property). It commenced this action against the defendants Keyspan Corp., Keyspan Energy Corp., and Keyspan Gas East Corp. (hereinafter collectively the defendants) and others on January 22, 2010, seeking, inter alia, to recover damages for injury to the subject property resulting from alleged contamination emanating over the course of decades from a former site of a manufactured gas plant, and from subsequent remediation work performed by the defendants. The defendants moved for summary judgment dismissing the first through seventh causes of action insofar as asserted against them as time-barred or, in the alternative, for summary judgment dismissing those causes of action insofar as asserted against them on the merits. By order dated January 7, 2016, the Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing those causes of action insofar as asserted against them as time-barred. The court did not address that branch of the defendants' motion which was for summary judgment dismissing those causes of action insofar as asserted against them on the merits, nor have the defendants pursued that relief on this appeal. The plaintiff appeals. We modify.
We agree with the Supreme Court's determination granting that branch of the defendants' motion which was for summary judgment dismissing the causes of action seeking damages for exposure-related injuries insofar as asserted against them as time-barred. "Generally, an action to recover damages for personal injury or injury to property must be commenced within three years of the injury" (Sullivan v Keyspan Corp., 155 AD3d 804, 805; see CPLR 214[4], [5]; Kamath v Building New Lifestyles, Ltd., 146 AD3d 765, 767). "[T]he three year period within which an action to recover damages for personal injury or injury to property caused by the latent effects of exposure to any substance or combination of substances," however, "shall be computed from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier" (CPLR 214-c[2]; see Jensen v General Elec. Co., 82 NY2d 77, 83-84; Sullivan v Keyspan Corp., 155 AD3d at 805-806). "For purposes of CPLR 214-c, discovery occurs when, based upon an objective level of awareness of the dangers and consequences of the particular substance, the injured party discovers the primary condition on which the claim is based'" (MRI Broadway Rental v United States Min. Prods. Co., 92 NY2d 421, 429, quoting Matter of New York County DES Litig., 89 NY2d 506, 509).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by tendering sufficient evidence to demonstrate the absence of a triable issue of fact with respect to the untimeliness of the causes of action to recover damages for exposure-related injuries (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324; Semerjian v County of Suffolk, 282 AD2d 518, 518). Specifically, as in Sullivan v Keyspan Corp. (155 AD3d 804), the defendants here demonstrated that they undertook extensive efforts beginning in 1999 to inform and engage with property owners potentially affected by the contamination and remediation by conducting, among other things, door-to-door canvassing, direct mailings of newsletters and fact sheets, numerous public meetings, and highly visible and disruptive remediation work. The defendants also inspected the subject property twice in 2005 to determine whether certain remediation work between those inspections caused any damage, and mailed the results of their inspections to the plaintiff in 2006. The defendants also submitted a transcript of the deposition testimony of the plaintiff's principal, who conceded his awareness of both widespread remediation work in Bay Shore and public meetings the defendants held to discuss the contamination and remediation, and who described himself as an active investor in property in the Bay Shore area who was very knowledgeable about current events in the community. The defendants thus established, prima facie, that the plaintiff should have discovered, through the exercise of reasonable diligence, the primary condition upon which its exposure-related claims were based prior to January 22, 2007 (see Sullivan v Keyspan Corp., 155 AD3d at 806; Benjamin v Keyspan Corp., 104 AD3d 891, 892).
In opposition, the plaintiff failed to raise a triable issue of fact as to the applicability of an exception to the statute of limitations, or whether the statute of limitations was tolled or whether the causes of action to recover damages for exposure-related injures were interposed within the applicable limitations period (see Suffolk County Water Auth. v Dow Chem. Co., 121 AD3d 50, 58-61; Benjamin v Keyspan Corp., 104 AD3d at 892). In particular, the plaintiff failed to identify any misrepresentation made by the defendants that induced it to refrain from timely commencing the action, or show that the contamination independently resulted in some new injury within the statute of limitations period that was distinct and qualitatively different from prior injuries (see Sullivan v Keyspan Corp., 155 AD3d at 806-807; Suffolk County Water Auth. v Dow Chem. Co., 121 AD3d at 60). Moreover, the affidavit of the plaintiff's principal submitted in opposition to the motion for summary judgment was insufficient to defeat the defendants' motion (see Meriweather v Green W. 57th St., LLC, 156 AD3d 875, 876).
We disagree, however, with the Supreme Court's determination that the causes of action to recover damages for public and private nuisance allegedly arising from the defendants' remediation work were time-barred (see Sullivan v Keyspan Corp., 155 AD3d at 807). These causes of action are subject to the limitations period in CPLR 214(4) rather than CPLR 214-c(2) because they do not seek "to recover damages for personal injury or injury to property caused by the latent effects of exposure" (CPLR 214-c[2]; see CPLR 214[4]; Sullivan v Keyspan Corp., 155 AD3d at 807; Scheg v Agway, Inc., 229 AD2d 963, 964). Here, the papers submitted in support of the defendants' motion demonstrated that there was no dispute that the defendants conducted [*2]remediation work in close proximity to the subject property shortly after new tenants signed a lease to occupy the space in 2008, and the plaintiff's principal testified at a deposition that he and the plaintiff's former tenant regularly felt vibrations from digging and from passing trucks, and smelled foul odors emanating from the remediation worksite within the applicable limitations period. The plaintiff's principal also observed cracks on the subject property that he believed were a result of the vibrations. Since this evidence was submitted in support of the motion, the defendants failed to establish their prima facie entitlement to summary judgment dismissing, as time-barred, those causes of action which sought to recover damages for public and private nuisance allegedly resulting from remediation work conducted by the defendants insofar as asserted against them.
MASTRO, J.P., BALKIN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court