St. Hillaire v Torres (2024 NY Slip Op 03705)

St. Hillaire v Torres

2024 NY Slip Op 03705

Decided on July 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2023-02552
 (Index No. 600825/22)

[*1]Dadrene St. Hillaire, appellant, 
v
Jose A. Torres, respondent,

Harold Solomon, Rockville Centre, NY, for appellant.

DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Conrad D. Singer, J.), entered December 8, 2022. The order granted the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint.
ORDERED that the order is affirmed, without costs or disbursements.
On January 21, 2022, the plaintiff commenced the instant action, alleging that the defendant had breached a remodeling contract between the parties by improperly installing certain flooring in the plaintiff's basement. The defendant moved pursuant to CPLR 3211(a)(5) to dismiss the complaint. The plaintiff opposed the motion. In an order entered December 8, 2022, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"[O]n a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of [establishing], prima facie, that the time in which to sue has expired" (Kaul v Brooklyn Friends Sch., 220 AD3d 939, 940-941 [internal quotation marks omitted]; see Five Star Elec. Corp. v Skanska USA Bldg., Inc., 221 AD3d 656, 657). "The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable, or whether the action was actually commenced within the applicable limitations period" (Kaul v Brooklyn Friends Sch., 220 AD3d at 940-941 [internal quotation marks omitted]).
A cause of action sounding in breach of contract is governed by a six-year statute of limitations (see CPLR 213[2]). "A claim against a contractor for damages arising from defective construction accrues, for limitations purposes, upon completion of performance under the contract" (Starakis v Baker, 121 AD3d 669, 671; see Kamath v Building New Lifestyles, Ltd., 146 AD3d 765, 766). "Moreover, 'construction may be complete even though incidental matters relating to the project remain open'" (Kamath v Building New Lifestyles, Ltd., 146 AD3d at 766, quoting State of New York v Lundin, 60 NY2d 987, 989).
Here, the defendant demonstrated that the breach of contract cause of action accrued on May 26, 2015, as the plaintiff made payment under the contract on that date and no further work was performed thereafter. Thus, the defendant established that the plaintiff failed to commence this action within the six-year limitations period (see CPLR 213[2]), taking the tolling provision of the COVID-19 executive orders into account (see generally Bank of N.Y. Mellon v DeMatteis, 222 AD3d [*2]1, 10; Brash v Richards, 195 AD3d 582). In opposition, the plaintiff failed to raise a question of fact.
Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint.
IANNACCI, J.P., FORD, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court