Leogrande v Re-Ko Enters., Ltd. (2023 NY Slip Op 06036)

Leogrande v Re-Ko Enters., Ltd.

2023 NY Slip Op 06036

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2020-03927
 (Index No. 610455/18)

[*1]Donald R. Leogrande, etc., et al., appellants,
v
Re-Ko Enterprises, Ltd., respondent.

Twomey, Latham, Shea, Kelley, Dubin & Quartararo, LLP, Riverhead, NY (Craig H. Handler of counsel), for appellants.
Sive, Paget & Riesel P.C., New York, NY (Elizabeth Knauer and Alexis Saba of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for injury to real property, the plaintiffs appeal from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered May 8, 2020. The order, insofar as appealed from, granted those branches of the defendant's motion which were for summary judgment dismissing the first through sixth causes of action as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The Supreme Court properly granted those branches of the defendant's motion which were for summary judgment dismissing the first through sixth causes of action, which sought to recover damages for exposure-related injuries to real property, as time-barred. "Generally, an action to recover damages for personal injury or injury to property must be commenced within three years of the injury" (Sullivan v Keyspan Corp., 155 AD3d 804, 805; see CPLR 214[4], [5]; Kamath v Building New Lifestyles, Ltd., 146 AD3d 765, 767). The three-year period for injury to property caused by the latent effects of exposure to any substance or combination of substances "shall be computed from the date of discovery of the injury by the plaintiff[s] or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff[s], whichever is earlier" (CPLR 214-c[2]; see Jensen v General Elec. Co., 82 NY2d 77, 83-84; Sullivan v Keyspan Corp., 155 AD3d at 805-806). "For purposes of CPLR 214-c, discovery occurs when, based upon an objective level of awareness of the dangers and consequences of the particular substance, 'the injured party discovers the primary condition on which the claim is based'" (MRI Broadway Rental v United States Min. Prods. Co., 92 NY2d 421, 429, quoting Matter of New York County DES Litig., 89 NY2d 506, 509). "[K]nowledge of possible infiltration of contaminants into the vicinity of the subject property is sufficient to trigger the statute of limitations, because the plaintiff[s] obtained knowledge that would place a reasonable person on notice of the need to undertake further investigation to ascertain the scope of the contamination" (Bethpage Water Dist. v Northrop Grumman Corp., 884 F3d 118, 127 [2d Cir] [emphasis and internal quotation marks omitted]).
Here, the defendant established its prima facie entitlement to judgment as a matter [*2]of law by tendering sufficient evidence to demonstrate the absence of a triable issue of fact with respect to the untimeliness of the first through sixth causes of action, which sought to recover damages for exposure-related injuries to real property (see TJO, Inc. v Keyspan Corp., 176 AD3d 1000, 1002). Specifically, the defendant demonstrated, prima facie, that, more than three years before this action was commenced, the plaintiffs discovered or should have discovered, through the exercise of reasonable diligence, the primary condition upon which their exposure-related claims were based (see id. at 1002).
In opposition, the plaintiffs failed to raise a triable issue of fact as to whether an exception to the statute of limitations applied, whether the statute of limitations was tolled, or whether the causes of action to recover damages for exposure-related injuries to real property were interposed within the applicable limitations period (see id. at 1003; Suffolk County Water Auth. v Dow Chem. Co., 121 AD3d 50, 58-61). In particular, the plaintiffs failed to identify any misrepresentation made by the defendant that induced them to refrain from timely commencing an action, or show that the contamination independently resulted in some new injury within the statute of limitations period that was distinct and qualitatively different from prior injuries (see TJO, Inc. v Keyspan Corp., 176 AD3d at 1003; Sullivan v Keyspan Corp., 155 AD3d at 806-807).
Accordingly, the Supreme Court properly granted those branches of the defendant's motion which were for summary judgment dismissing the first through sixth causes of action as time-barred (see CPLR 214-c[2]).
DUFFY, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court